Rose Goldsmith, as Administratrix, etc., of Katherine Roth-leder, Also Known as Catherine Rothleder, Deceased, Plaintiff, *v.* Buffalo Savings Bank and Frank L. Schlager, Individually and as Executor. of the Estate of Leonard Rothleder, Deceased, Defendants.

Supreme Court, Erie County, October 21, 1935.

*Leonard N. Lakser*, for the plaintiff.

*DeWitt Clinton* [*Marvin S. Burt, Jr.*, of counsel], for the defendant Buffalo Savings Bank.

*Wanamaker, Klocke, Martina & Rovner*, for the defendant Frank L. Schlager.

Horton, J.   Plaintiff's intestate died February 16, 1932, leaving on deposit in the bank the sum of $527.77.   On February 23, 1932,

Leonard Rothleder, her husband, called at the bank and requested that the moneys on deposit be paid to the undertaker to apply upon his bill, which was in excess of $600, at the same time executing an affidavit to the effect that his wife had died intestate, leaving two daughters both of full age and residing outside of the State, stating that the deposit constituted the entire estate left by decedent and that he desired to have the deposit applied toward the payment of the undertaker's bill, and signing a check for the entire balance to the order of the undertaker, which was paid.

On July 31, 1934, said Leonard Rothleder died, and on September 8, 1934, letters of administration upon Catherine's estate were issued to plaintiff, one of her daughters. This action proceeds upon the theory that in paying out this deposit the bank took upon itself without right or sanction of law the administration of decedent's estate and that since the payment was without authority it remains liable to the estate. The bank, on the other hand, claims that it made the payment in question under section 248 of the Banking Law which gives to the savings bank the right to pay a deposit not exceeding $500, without administration, to the husband, next of kin, funeral director or other creditor who may appear to be entitled thereto, and also alleges that the husband was entitled to an exemption of $300 in cash payable out of the estate as to which the plaintiff can have no claim.

As this statute works in derogation of the established rights of administration of estates, it must be strictly construed and the bank's justification for its act must be based upon other grounds. The court recognizes that the payment made by the bank was in good faith and with the laudable purpose of avoiding delay and expense incident to administration of this small estate, and believes that its action should not be held illegal if there is any legal ground for sustaining it. The matter before this court is for judgment on the pleadings. It seems to the court that although it is not specifically set forth in such language, there can be spelled out by legal inference from the allegations in the answer, the defense that the bank is the owner of the funeral bill *pro tanto* and of the husband's exemption of $300 by virtue of an equitable assignment as the payment was made by the bank, not as a volunteer, as claimed by the plaintiff, but by virtue of the written request of the husband of the decedent, the person first entitled to letters of administration. In this view of the case the answer sets up a perfect defense to the complaint if the amount paid upon the funeral bill is found to be reasonable. That question cannot be determined upon affidavits, but only upon a trial of the issue, and the plaintiff's motion is, therefore, denied, with costs.